UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80070-CIV-MARRA

SHERYL GREIF,

    Plaintiff,

vs.

JUPITER MEDICAL CENTER, INC.,
a Florida non-profit corporation, JAMES
HARPER, individually, and GAIL O'DEA,
individually,

    Defendants.
_____/

## OPINION AND ORDER

    This cause is before the Court upon Defendants Jupiter Medical Center, Inc. and Gail O'Dea's Motion to Dismiss Amended Complaint [DE 3].  The Court has carefully considered the motion and is otherwise fully advised in the premises.

    I.  Background

    On January 24, 2008, Defendants Jupiter Medical Center, Inc. and Gail O'Dea ("Defendants") filed a Notice of Removal, after having been served with Plaintiff Sheryl Greif's ("Plaintiff") state court amended complaint which was filed on January 7, 2008 in the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida.  Also attached to Defendants' Notice of Removal was Plaintiff's original complaint, filed on August 7, 2007. (DE 1).

    Plaintiff brings this eight-count Amended Complaint alleging violations of the Florida Whistleblower Act, Florida Statute § 448.102, (counts one and two); "discriminatory and

unequal treatment" under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e et seq. (count three); hostile work environment under Title VII (count four); defamation (count five); "interference with restrain and denial of" rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq. (count six); retaliation for exercise of FMLA rights (count seven) and intentional infliction of emotional distress (count eight). The facts giving rise to the Amended Complaint stem from Plaintiff's employment as the assistant director of human resources at the Jupiter Medical Center. (Am. Compl. ¶ 10.)

The Amended Complaint states that Defendants[1] illegally discriminated against Plaintiff "based on her gender and religion, wrongfully denied Plaintiff FMLA time, and ultimately terminated Plaintiff in retaliation for Plaintiff's refusal to commit perjury at the behest of her immediate supervisor, Harper, and testifying truthfully in a deposition." (Am. Compl. ¶ 2.) Additionally, "Defendants terminated Plaintiff in violation of her rights under the FMLA." (Am. Compl. ¶ 3.) "Defendants also intentionally inflicted emotional distress upon Plaintiff and defamed her." (Am. Compl. ¶ 4.)

Defendants move for dismissal of the Amended Complaint, arguing that service of the Amended Complaint was not timely. In addition, Defendants contend that the Amended Complaint was pled in a "shotgun" fashion and that the Title VII, defamation, FMLA and intentional infliction of emotional distress claims lack an adequate factual basis. Defendant O'Dea seeks dismissal of the claims brought pursuant to Title VII and the Florida Whistleblower Act, asserting that there is no individual liability under those acts. (Mot. at 2.) Finally,

---

[1] Defendant James Harper, who is being sued in his individual capacity, has not been served. Harper was chief human resources manager of Jupiter Medical Center, Inc. (Am. Compl. ¶ 19.)

Defendants seek dismissal of Plaintiff's demand for non-pecuniary losses under the FMLA. (Mot. at 3.)

In response, Plaintiff claims that "shortly after the filing of the original Complaint," Plaintiff's former counsel[2] and Plaintiff engaged in "extensive communications" regarding changes to be made to the original complaint. These conversations continued through November of 2007 and "unfortunately" no motion for an extension of time for service was made. After prior counsel left the firm in November of 2007 and "as soon as" Plaintiff's new attorney "became aware of the fact that the [A]mended Complaint was completed and ready for filing and service," he "took the appropriate action and immediately had the [A]mended Complaint filed." (Resp. at 2.)  With respect to Defendants' other arguments, Plaintiff does not provide specific responses, but instead references caselaw pertaining to the standard for a motion to dismiss.

II. Discussion

A   Defendants' Motion to Dismiss for Failure to Effect Timely Service

To determine the validity of service prior to a case being removed from Florida state court, this Court must look to Florida law. Freight Terminals, Inc. v. Ryder Sys., Inc., 461 F.2d 1046, 1052 (5th Cir.1972);[3] Central Oaks, Inc. v. Maryland Cas. Co., No. 806CV-1228T-27MSS, 2006 WL 2864422, at *1 (M.D. Fla. Oct. 5, 2006).  Florida Rule of Civil Procedure 1.070(j)

---

[2] Plaintiff is still represented by the same law firm, however, her original attorney left the firm. (Resp. at 2.)

[3] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit.  Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

provides:

> (j) Summons; Time Limit. If service of the initial process and initial pleading is not made upon a defendant within 120 days after filing of the initial pleading directed to that defendant the court, on its own initiative after notice or on motion, shall direct that service be effected within a specified time or shall dismiss the action without prejudice or drop that defendant as a party; provided that if the plaintiff shows good cause or excusable neglect for the failure, the court shall extend the time for service for an appropriate period. When a motion for leave to amend with the attached proposed amended complaint is filed, the 120–day period for service of amended complaints on the new party or parties shall begin upon the entry of an order granting leave to amend. A dismissal under this subdivision shall not be considered a voluntary dismissal or operate as an adjudication on the merits under rule 1.420(a)(1).

Here, Plaintiff does not deny that service was not perfected on Defendants within the required 120 days or that any orders were issued by the state court that would have extended the time for service of process. Instead, Plaintiff argues that service was not perfected because changes were needed to be made to the original complaint and "unfortunately" no extension of time was made in state court. (Resp. at 2.) Construing this argument to be an attempt to show good cause or excusable neglect, the Court finds that it fails to meet either of those standards.

Good cause requires the plaintiff or plaintiff's attorney to explain the inability to make service as opposed to "why the plaintiff or plaintiff's attorney intentionally elected not to make service." Patterson v. Loewenstein, 686 So. 2d 776, 777 (Fla. Dist. Ct. App. 1997). A desire to investigate further a case prior to service does not constitute good cause. Id. Nor does simple inadvertence or mistake of counsel suffice to demonstrate either good cause or excusable neglect. Carlton v. Wal-Mart Stores, Inc., 621 So. 2d 451, 454 (Fla. Dist. Ct. App. 1993); Hernandez v. Page, 580 So. 2d 793, 794-95 (Fla. Dist. Ct. App. 1991). Here, Plaintiff fails to provide any reason why service could not have been made during the time that changes to the original complaint were being contemplated. Likewise, Plaintiff fails to explain why Plaintiff's newly-

assigned attorney, who received the case when prior counsel left the firm in November of 2007, waited until January 8, 2008 to serve Defendants. Therefore, based on this record, the Court finds that Plaintiff has failed to demonstrate good cause or excusable neglect under Florida Rule of Civil Procedure 1.070(j).

Because Plaintiff has not shown good cause or excusable neglect, the Court is not required to extend the time for service. Pixton v. Williams Scotsman, Inc., 924 So. 2d 37, 39 (Fla. Dist. Ct. App. 2006). However, neither is the Court required to dismiss the case without prejudice; instead, it is a matter left to the Court's discretion. Id. Despite Defendants' request for dismissal, the Court declines to follow that approach. The Court can find no prejudice to Defendants that warrants dismissal. Nor would the task of judicial administration be served by dismissing this case. In all likelihood, a dismissal without prejudice would simply result in Plaintiff re-filing this case, an act that would tax judicial resources. Finally, nothing in the record suggests that Plaintiff or Plaintiff's counsel engaged in any wrongdoing justifying dismissal.

Accordingly, the Court deems service on Defendants timely, however, Plaintiff must serve the remaining defendant, Harper, within 30 days of the filing of the Second Amended Complaint. Should Plaintiff fail to perfect service within this time period, Harper will be dismissed without prejudice from this action.

B. Motion to Dismiss for Failure to State a Claim

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed.R.Civ.P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a

5

plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (internal citations omitted). When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

After careful review of the Amended Complaint, the Court concludes that it is a "shotgun" pleading and must be re-pled. See Anderson v. District Bd. of Trustees of Central Florida Community College, 77 F.3d 364, 366 (11th Cir. 1996) (shotgun pleadings make it "virtually impossible to know which allegations of fact are intended to support which claims for relief"). It is not a "short and plain statement of the claims" as mandated by Rule 8 of the Federal Rules of Civil Procedure. Nor does it comply with Rule 10(b) which instructs parties to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances . . ." In Anderson, the Court, concerned with the ramifications of cases proceeding on the basis of "shotgun" pleadings, noted:

> Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.

Id. at 366-67; see Cesnik v. Edgewood Baptist Church, 88 F.3d 902, 905 (11th Cir. 1996).

The Amended Complaint is 18 pages long with 118 paragraphs.  With the exception of the FMLA counts, the counts are lodged against all three defendants. Given the sheer number of alleged wrongs and the multitude of acts that give rise to these wrongs, it seems unlikely that

both individual defendants participated in every one of those alleged wrongs in an identical manner.  Nonetheless, the Amended Complaint does not identify which individual defendant was responsible for the alleged acts taken against Plaintiff.  As pled, the Amended Complaint alleges that the individual defendants committed the same acts which gave rise to the alleged gender and religious discrimination, defamation, and intentional infliction of emotional distress claims.

Related to this problem is the fact that each count incorporates nearly all of the paragraphs of the counts that preceded it.  As a result, each count incorporates facts that in no way relate to that specific count.  At the same time, each individual count lacks any specificity that allow Defendants or the Court to know what actions were taken against Plaintiff that give rise to a particular claim.  For example, count three alleges "discriminatory and unequal treatment" under Title VII but merely states that "Defendants' treatment of Plaintiff, as outlined above, violated Title VII . . . insomuch as it was motivated by Plaintiff's gender and/or religion." (Am. Compl. ¶ 73.)

Clearly, then, this Amended Complaint is the type of "shotgun" pleading that the Eleventh Circuit has routinely criticized.  See Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001) (requiring repleading of a "shotgun" complaint that did not distinguish among the liability of multiple defendants and incorporated all allegations of preceding counts into each count); BMC Indus., Inc. v. Barth Indus., Inc., 160 F.3d 1322, 1326-27 n.6 (11th Cir.1998) ("shotgun" pleading when complaint contained 154 paragraphs and the counts incorporated allegations of previous counts).  Hence, Plaintiff must remedy this pleading deficiency.  To avoid the problems associated with "shotgun" pleadings, Plaintiff is directed to plead each legal claim in a separate count with special attention paid to each element of each count.  Each count must state with

specificity both the factual and legal basis for the claim it sets forth.  Although other numbered paragraphs may be incorporated by reference, this must be done with particular care so that only relevant paragraphs are referenced.  Each claim must also identify against whom the claim is brought with supporting facts that relate to acts by each defendant.

The Court believes that by granting Plaintiff leave to amend the Amended Complaint with these directives in mind, many of the pleading deficiencies identified by Defendants will be cured.  That stated, the Court will briefly discuss four issues identified by Defendants that should be resolved prior to any amendment of the Complaint: (1) individual liability under Title VII and the Whistleblower Act; (2) the pleading requirements for defamation; (3) the need to plead a serious health condition for the FMLA claim and (4) damages available under the FMLA.[4]

With respect to individual liability under both Title VII and the Florida Whistleblower Act, Defendants are correct that these statutes only permit suits against employers.  Title VII liability is against the employer, and not employees in their individual capacities.  See Cross v. Alabama, 49 F.3d 1490, 1504 (11th Cir. 1995); Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991). Likewise, a recent case from the Florida Fourth District Court of Appeals held that the Whistleblower Act, Florida Statute 448.102, only recognizes liability against an employer.  Tracey-Meddoff v. J. Altman Hair & Beauty Centre, Inc., 899 So. 2d 1167, 1168-69 (Fla. Dist. Ct. App. 2005).  Plaintiff has not pled that either O'Dea or Harper were her employers.  Thus, in re-amending the Complaint, should Plaintiff seek to bring claims under either of those statutes against O'Dea or Harper, Plaintiff must, assuming she has a good faith basis to do so, plead that these two individuals were her employers as that term is contemplated under those acts.

---

[4] Plaintiff did not address any of these arguments raised by Defendants.

Next, the Court will briefly address the complaint lodged by Defendants with respect to the defamation claim. Defendants argue that a complaint alleging defamation must state the substance of the spoken words with "sufficient particularity" and the identity of the persons to whom the defamatory comments were made. (Def. Mot. 12-13.) While pleading a defamation claim with a certain level of particularity may be required under Florida law, see, e.g., Razner v. Wellington Regional Medical Center, Inc., 837 So. 2d 437, 442 (Fla. Dist. Ct. App. 2002), this requirement is procedural and not applicable in this Court. See In re Prudential of Florida Leasing, Inc., 478 F.3d 1291, 1299 (11th Cir. 2007) ("State law ordinarily does not govern the procedure of federal courts."). Federal Rule of Civil Procedure 9(b) only requires specific pleading in limited circumstances, and a state law defamation claim is not one of those enumerated circumstances. Fed. R. Civ. P. 9(b). Thus, in federal court, a defamation claim can be pled generally, so long as it meets the requirements of Rule 8(a) and Twombly. See Hatfill v. New York Times Co., 416 F.3d 320, 329-30 (4th Cir. 2005).[5]

Nor does the Court accept Defendants' argument that Rule 8(a) and Twombly require dismissal of the Amended Complaint based on Plaintiff's failure to identify the "serious health condition" that allegedly gives rise to Plaintiff's entitlement to FMLA protection. (Mot. at 13-15.) Clearly, that is an issue that can be explored during discovery. Nonetheless, given that Plaintiff must replead the Amended Complaint, the Court sees no reason why Plaintiff should not incorporate this information in the new complaint.

---

[5] Although the Court rejects any application of a heightened pleading standard for a defamation claim, Plaintiff is advised to carefully allege each element of this cause of action with supporting facts. Specifically, Plaintiff must allege 1) the defendant published a false statement, 2) about the plaintiff, 3) to a third party, and 4) that the falsity of the statement caused injury to the plaintiff. Valencia v. Citibank International, 728 So. 2d 330 (Fla. Dist. Ct. App. 1999).

Lastly, Defendants seek dismissal of Plaintiff's FMLA damage claim for "pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life." (Mot. at 15-16.) To be sure, the FMLA only permits recovery for "wages, salary, employment benefits, or other compensation denied or lost," and when such benefits are not denied or lost, an eligible employee may recover "any actual monetary losses sustained . . . as a direct result of the violation, such as the cost of providing care." 29 U.S.C. § 2617(a)(1)(A)(i)(I), (II); 29 C.F.R. § 825.400(c). In addition, interest may be awarded with respect to those awards, liquidated damages may be imposed equal to sum of that award and equitable relief is also available. 29 U.S.C. § 2617(a)(1)(A)(ii), (iii) and (B). Given that the FMLA specifically lists the awards available, additional relief is not available. See Nevada Department of Human Resources v. Hibbs, 538 U.S. 721, 739-40 (2003) ("the cause of action under the FMLA is a restricted one: The damages recoverable are strictly defined and measured by actual monetary losses."); see also Rodgers v. City of Des Moines 435 F.3d 904, 909 (8th Cir. 2006) (no damages for emotional distress); Graham v. State Farm Mut. Ins. Co., 193 F.3d 1274, 1284 (11th Cir.1999) (same); Nero v. Indus. Molding Corp., 167 F.3d 921, 930 (5th Cir.1999) (not permitting consequential damages). Based on this precedent, Plaintiff shall amend its FMLA claims to only include damages specifically enumerated under FMLA.

III. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1) The Amended Complaint is **DISMISSED**, with leave to refile a second amended complaint that complies with Rule 10(b) of the Federal Rules of Civil Procedure within twenty days of the date of entry of this Order.

2) Plaintiff must serve the Second Amended Complaint on Defendant James Harper within 30 days of the date of filing the Second Amended Complaint.

3) Defendants Jupiter Medical Center, Inc. and Gail O'Dea's Motion to Dismiss Amended Complaint [DE 3] is **DENIED WITHOUT PREJUDICE**.  Defendants may raise the arguments not rejected by the Court, if applicable, in response to the Second Amended Complaint.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 8th day of July 2008.

_____
KENNETH A. MARRA
United States District Judge